Patrick J. GOGGINS and Laura A. Goggins, on behalf of themselves and as representatives of all others similarly situated, Plaintiffs,

v.

ALLIANCE CAPITAL MANAGEMENT, L.P., Alliance Premier Growth Fund Inc., John D. Carifa, Alfred Harrison, Mark D. Gersten, Ruth Block, David H. Dievler, John H. Dobkin, William H. Foulk, Jr., James M. Hester, Clifford L. Michel, and Donald J. Robinson, Defendants.

No. 02 Civ.9847 RWS.

United States District Court, S.D. New York.

Aug. 19, 2003.

Shalov Stone & Bonner by Lee S. Shalov, John F. Carroll, New York City, for Plaintiff.

Clifford Chance US by James N. Benedict, Mark A. Kirsch, James F. Moyle, Sean M. Murphy, Scott W. Reynolds, New York City, for Defendants Alliance Capital Mgt., John D. Carifa, Mark D. Gersten and Alfred Harrison.

Sullivan & Cromwell by John L. Hardiman, Jeffrey T. Scott, New York City, for Defendant Alliance Premier Growth Fund, Ruth Block, David H. Dievler, John H. Dobkin, William H. Foulk, Jr., James M. Hester, Clifford L. Michel and Donald J. Robinson.

### OPINION

SWEET, District Judge.

Defendants Alliance Capital Management, L.P. ("Alliance Capital") and Alfred Harrison, John D. Carifa and Mark D. Gersten (collectively, the "Alliance Capital Defendants") have moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action brought by plaintiffs Patrick J. Goggins and Laura H. Goggins to the United States District Court for the District of New Jersey. For the reasons set forth below, the motion is granted.

### Prior Proceedings

This action was commenced on December 13, 2002. On April 11, 2003, the Alliance Capital Defendants moved to transfer the action to the District of New Jersey. On June 10, 2003, defendants Alliance Premier Growth Fund, Inc. (the "Fund") and Ruth Block, David H. Dievler, John H. Dobkin, William H. Foulk, Jr., James M. Hester, Clifford L. Michel and Donald J. Robinson (collectively, the "Outside Directors") filed a motion in response to the motion filed by the Alliance Capital Defendants and in support of the motion to transfer this action to the District of New Jersey. On the same day, the plaintiffs filed a memorandum in opposition to the motion for a transfer of venue. On June 20, 2003, the Alliance Capital Defendants filed a brief in further support of their motion to transfer venue. Oral argument was heard on June 25, 2003, at which time the motion was considered fully submitted.

### The Parties

Plaintiffs Patrick J. Goggins and Laura H. Goggins allege that they purchased Fund shares between October 31, 2000 and February 14, 2002 (the "Class Period"). The Goggins reside in Dade County, Florida, where Patrick Goggins maintains a law practice.

Defendant Alliance Premier Growth Fund, Inc. is a registered investment company under the Investment Company Act of 1940, 15 U.S.C. § 80–1 et seq. Plaintiffs allege that the Fund's principal place of business is in Secaucus, New Jersey.

Defendant Alliance Capital Management, L.P. is a Delaware limited partnership with its principal place of business in New York City, and at all times was the Fund's investment advisor. Alliance Capital provides investment advice, portfolio management, and other services to the Fund, and the Fund compensates Alliance Capital for those services.

Defendant John D. Carifa is the Fund's President and Chairman of the Board of Directors. He is also President, Chief Operating Officer, and a director of Alliance Capital Management Corporation ("ACMC"), the general partner of Alliance Capital. Defendant Alfred Harrison is the Fund's Executive Vice President and pri-

mary portfolio manager, and is also a director of ACMC. Defendant Mark D. Gersten is alleged to be the Fund's Principal Financial and Accounting Officer. Defendants Ruth Block, David H. Dievler, John H. Dobkin, William H. Foulk, Jr., James M. Hester, Clifford L. Michel and David J. Robinson are Directors of the Fund.

### Background

The plaintiffs in this action allege that Alliance Capital violated federal securities law by causing the Fund to purchase shares of Enron stock in late 2000 and to hold them until early 2002. Plaintiffs allege that the defendants failed to follow the Fund's investment strategies and objectives by causing the Fund to invest in Enron without properly researching it, and thereafter by ignoring warning signs about Enron's financial condition as the Fund continued to accumulate and hold Enron shares. According to plaintiffs, these failures made the Fund's registration statements and prospectuses materially false and misleading in violation of federal securities law.

Plaintiffs also allege that Frank Savage, an ACMC director, was an Enron board member throughout the Class Period and had special knowledge of Enron's fraudulent use of Special Purpose Entities to create false and misleading financial statements.

A similar action, captioned *Benak v. Alliance Capital Management, L.P.,* No. 01 Civ. 5734 (*"Benak"*), is currently pending in the United States District Court for the District of New Jersey. *Benak* is a consolidated action comprising six derivative lawsuits filed on behalf of the Fund against Alliance Capital. The plaintiffs in *Benak* also allege violations of federal securities laws based on Alliance Capital's investment in Enron.

One of the six cases now consolidated with *Benak,* captioned *Roy v. Alliance Capital Management, L.P.,* No. 8:01–cv–2449–T–24MSS, was first brought in the United States District Court for the Middle District of Florida. The plaintiff in *Roy* refused to consent to a transfer to the District of New Jersey. Alliance Capital subsequently moved to transfer the *Roy* case to New Jersey for consolidation with other cases pending in the District, and the motion was granted. The court found that "transfer of th[e] case to the District of New Jersey is necessary to preserve judicial resources and to avoid the potential for inconsistent judgments." *Roy v. Alliance Capital Management, L.P.,* No. 8:01–cv–2449–T–24MSS, (M.D.Fla. Mar. 13, 2002) (slip op., p. 7).

The allegations in this action also overlap with those asserted in an action captioned *Lawrence E. Jaffe Pension Plan v. Alliance Capital Management, L.P.,* No. 02 Civ. 7342 (*"Jaffe"*), which was filed in this District on September 12, 2002. The Honorable Naomi Reice Buchwald ordered *Jaffe* transferred to the District of New Jersey on March 24, 2003 for consolidation with the *Benak* action. In granting Alliance Capital's motion, Judge Buchwald rejected plaintiff's argument that the two actions should proceed contemporaneously in two separate federal courts, stating that "it is truly difficult to comprehend how [plaintiff's] proposal advances the convenience of the parties and the interests of justice." (*Jaffe,* Oral Argument, March 24, 2003, Tr. at 7).

### Discussion

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This section "is a statutory recognition of the common law doctrine of *forum non*

conveniens as a facet of venue in the federal courts." *In re Nematron Corp. Sec. Litig.*, 30 F.Supp.2d 397, 399 (S.D.N.Y. 1998). Section 1404(a) aims to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* ·376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (citations omitted).

As a preliminary matter, there is no dispute that this action might have been brought in New Jersey.

■ "Motions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." *Nematron,* 30 F.Supp.2d at 399 (*quoting In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992)) (*citing Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The party moving for a transfer has the burden "to make a clear and convincing showing that transfer serves the interests of convenience and fairness." *Lewis v. C.R.I., Inc.,* No 03 Civ. 651, 2003 WL 1900859, at *2 (S.D.N.Y. Apr. 15, 2003).

■ In determining whether to grant a motion to transfer venue, the following factors should be considered:

(1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence, including documents; (7) the relative familiarity of the courts with the applicable law; and (8) the interests of justice, including the interests of trial efficiency.

*Billing v. Commerce One, Inc.,* 186 F.Supp.2d 375, 377 (S.D.N.Y.2002) (*quoting Smart v. Goord,* 21 F.Supp.2d 309, 315 (S.D.N.Y.1998)).

## Choice of Forum

■ The plaintiffs' choice of forum is ordinarily entitled to "considerable weight." *Nematron,* 30 F.Supp.2d at 405 (*citing Orb Factory, Ltd. v. Design Science Toys, Ltd.,* 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998)). In addition, "the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim," *id.* (*citing Levitt v. State of Maryland Deposit Ins. Fund Corp.,* 643 F.Supp. 1485, 1493 (E.D.N.Y.1986)); *Orb Factory,* 6 F.Supp.2d at 210, or where the plaintiff is a resident of the forum district. *Id.* (*citing AMVEST Capital Corp. v. Banco Central, S.A.,* 628 F.Supp. 1258 (S.D.N.Y.1986)).

■ However, "in class actions less weight is given to the plaintiff's choice." *Id.* (*citing In re Warrick,* 70 F.3d 736, 741 n. 7 (2d Cir.1995); *Eichenholtz v. Brennan,* 677 F.Supp. 198, 202 (S.D.N.Y.1988) (class action under federal securities laws); *Shulof v. Westinghouse Elec. Corp.,* 402 F.Supp. 1262, 1263 (S.D.N.Y.1975) ("While it is axiomatic that a plaintiff's choice of forum is entitled to great consideration, the adage has little weight in stockholder class actions . . .")). The reason is that in a class action "there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *Eichenholtz,* 677 F.Supp. at 202 (*citing Koster v. Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

■ Because this is a securities class action, this factor only moderately favors plaintiffs.

### Locus of Operative Facts

■ "The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer." *Billing,* 186 F.Supp.2d at 377 (*quoting ZPC 2000, Inc. v. SCA Group, Inc.,* 86 F.Supp.2d 274, 280 (S.D.N.Y.2000)). "Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district." *Id.* (*quoting Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.,* 932 F.Supp. 621, 623 (S.D.N.Y.1996)).

■ Plaintiffs place primary reliance on this factor, arguing that New York City is the "center of gravity" of this action because research and analysis for the Fund is conducted primarily in Manhattan, the trades in question were conducted in Manhattan, meetings with Enron management were held in New York, and prospectuses and registration statements were prepared and reviewed in New York. Plaintiffs argue that "New Jersey has no meaningful connection to the dispute whatsoever." (Pl. Memo at 6).

Defendants dispute that New York City is the center of gravity, noting that four of the eight directors named as defendants reside in New Jersey, much of the Fund's back office operations are conducted from New Jersey, 153,000 of the Fund's 800,000 accounts are located in New Jersey. Further, as part of pre-transfer discovery, the defendants provided a list of "14 individuals who may have relevant knowledge concerning plaintiffs' claims," (Def. Reply at 3), and six of them reside in New Jersey, while only one resides in New York.

Considering the facts put forward by both parties, this factor favors plaintiffs.

### Convenience of the Parties and Witnesses

■ As the *Nematron* Court observes, "[i]t is well known that trials in securities class actions focus almost entirely on defendant's conduct." 30 F.Supp.2d at 402. Accordingly, the convenience of the defendants and witnesses is the appropriate focus here.

While plaintiffs argue that the fact that Manhattan is the primary place of business for virtually all defendants and witnesses alone justifies denying transfer, the fact that the *Benak* motion is pending in New Jersey must also be taken into account. Location alone does not determine convenience when the denial of transfer would result in two pretrial discovery processes going forward simultaneously. Discovery in both actions is likely to be virtually the same. Because many of the same individuals are mentioned in both complaints, their testimony will likely be sought in both actions. The inconvenience of some defendants and witnesses traveling to New Jersey from New York City is significantly outweighed by the convenience of providing testimony in a single consolidated action. Accordingly, these factors weigh in favor of defendants.

### Location of Physical Evidence

■ The plaintiffs argue that because all of the physical evidence, which would include "e-mail, memos, correspondence, analyst reports, trading records and computer records," (Pl. Mem. at 13), is located in New York, it does not make sense to transfer the action to New Jersey. But plaintiffs later concede that "discovery in all likelihood will take place within this District, whether the matter is transferred or not." *Id.* at 14. Accordingly, this factor is neutral as to transfer.

### Availability of Process and Familiarity with Applicable Law

■ Considerations of the availability of process to compel the attendance of witnesses and the relative familiarity of

the courts with the applicable law are both neutral with respect to transfer. Plaintiffs concede that "all likely witnesses are either parties or employees of parties," (Pl. Mem. at 14), so that service of process would not pose a problem in either venue. Similarly, since this action "raises questions of federal law, either forum is equally capable of hearing and deciding those questions." *Dealtime.com Ltd. v. McNulty*, 123 F.Supp.2d 750, 757 (S.D.N.Y.2000).

### Interests of Justice

■■■■■ "Beyond these particular concerns, a district court has discretion to transfer an action to where the trial would best be expedient and just." *Nematron*, 30 F.Supp.2d at 407 (*citing Red Bull Assoc. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir.1988)). In particular, the Second Circuit has held that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). While the *Wyndham* court found that some factors favored the denial of transfer, it held that the overriding factor was the "consideration affecting the expeditious management of court business which argues persuasively for the transfer." *Id.; see also Capital Venture Int'l v. Network Commerce, Inc.*, No. 01 Civ. 4390, 2002 WL 417246, at *1 (S.D.N.Y. Mar. 15, 2002) (granting transfer to Western District of Washington despite a forum selection clause where "seven class action lawsuits involving identical or significantly similar facts and allegations pending" there against the corporate defendant "already

have been consolidated before a single judge").

■■■■ The single most significant circumstance favoring transfer in this action is the existence of the related actions in New Jersey. The defendants have established the substantial overlap in the allegations made by the plaintiffs here and the plaintiffs in the *Benak* action. The *Benak* complaint alleges the same misrepresentations in public filings, relies on the same alleged statements made by the Fund's portfolio manager and alleges the same unheeded "red flags." Further, both complaints allege that ACMC director Frank Savage had special knowledge about Enron. As in *Wyndham*, "[t]he basic charges ... are common to both suits." 398 F.2d at 617.

In addition, the District Court of New Jersey has already consolidated into the *Benak* action six actions filed against Alliance Capital making virtually the same factual allegations as those asserted here. Further, in granting Alliance Capital's motion to transfer *Jaffe* to the District of New Jersey, Judge Buchwald similarly emphasized the importance of judicial efficiency. Rejecting plaintiff's argument that because his claim was based on a different statute than the *Benak* action—Investment Company Act Section 36(a) instead of 36(b)—the two actions should proceed simultaneously in different federal courts, Judge Buchwald found that denial of transfer would result in "duplicative actions in which two federal judges preside over the same basic claim ... [giving] very little consideration to the interest of witnesses, the other parties in the whole issue and the expense." (*Jaffe*, Oral Argument, March 24, 2003, Tr. at 4–5). Judge Buchwald also noted that transfer is appropriate "particularly when you have a federal judge who has already issued an order saying that he will willingly take any case

that arises out of the same facts as a related case." *Id.* at 5.

In transferring the *Roy* action to New Jersey from the Middle District of Florida, Judge Bucklew held that "transfer of th[e] [*Roy*] case to the District of New Jersey is necessary to preserve judicial resources and to avoid the potential for inconsistent judgments." *Roy, Roy v. Alliance Capital Management, L.P.,* No. 8:01–cv–2449–T–24MSS, (M.D.Fla. Mar. 13, 2002) (slip op., p. 7). The arguments made by Judge Buchwald and Judge Bucklew are highly persuasive. Concerns over judicial efficiency outweigh all other factors in this case, and are dispositive of the issue.

### Conclusion

Because the *Benak* action currently pending in the District of New Jersey is closely related to the present action, and because the judge overseeing that case has welcomed all related cases, the interest in judicial efficiency dictates transfer of this action to the District of New Jersey. The defendants' motion is granted.

It is so ordered.