[742 NYS2d 291]

IDA LIBERATORE, Appellant, v JOHN N. CALVINO, ESQ., et al., Respondents, et al., Defendants.

First Department, May 30, 2002

APPEARANCES OF COUNSEL

*Laurence M. Deutsch* for appellant.

*Marian S. Hertz* of counsel (*Zichello & McIntyre, LLP*, attorneys), for respondents.

## OPINION OF THE COURT

WILLIAMS, P.J.

This action arose from a personal injury suffered by plaintiff, a Rhode Island minor visiting New York City in 1991, when the taxi in which she was a passenger was rear-ended by a bus. Upon her return home, she and her parents met with defendant Calvino, an attorney admitted in Rhode Island and Massachusetts, and engaged his services to represent her in seeking to recover for her injuries.

Over the next three years, Calvino concededly provided plaintiff with legal advice regarding New York's No-Fault Law and statute of limitations, secured New York no-fault benefits to cover her ongoing medical bills, obtained plaintiff's medical records from Bellevue Hospital in New York City as well as from various doctors in Rhode Island and Massachusetts, investigated her accident by contacting the New York Police Department and the bus company, and attempted to negotiate a settlement of her claims with the bus company, on several occasions threatening to commence a legal action in New York. Other than the legal advice, all of these activities were accomplished by numerous letters and telephone calls. When it became clear, in 1994, that a legal action would have to be commenced to resolve plaintiff's claims, Calvino referred her to defendant Vecchio, a New York attorney, and his firm. Vecchio entered into a retainer agreement with plaintiff and a referral agreement with Calvino, agreeing to pay him "one-third (⅓) of the net attorney's fees recovered in this case based upon the work performed by your office up to this point and the continuing work which will be performed in assisting in the representation of Ms. Liberatore in this action." When Calvino returned those documents to Vecchio, he assured him that he would as-

sist in settling plaintiff's claims. Shortly thereafter, Calvino wrote a letter to Vecchio advising him of the status of his efforts to collect insurance payments for plaintiff's medical bills and asked him to contact the insurance company about such bills that remained outstanding.

Vecchio commenced the New York action in 1995. Plaintiff periodically consulted with Calvino, but Vecchio had no further contact with Calvino until April 1997, when, by conference call, he advised Calvino and plaintiff at Calvino's offices that the New York action had run afoul of the statute of limitations, since the bus company was owned by New York City and thus was subject to the one year and 90 day limitations period in General Municipal Law § 50-i. Subsequently, Vecchio phoned Calvino to advise him that the action had been settled for $7,500; Vecchio's firm then paid Calvino $776.97 in attorney's fees, which Calvino accepted. Plaintiff then brought the instant legal malpractice action against Calvino and Vecchio and their respective firms, alleging that due to their negligence in ascertaining the applicable statute of limitations, she was forced to enter into an unsatisfactory settlement. The court ordered a reference on the issue of whether it had personal jurisdiction over the Calvino defendants pursuant to CPLR 302 (a) (1).

After a hearing, the referee found that plaintiff and Calvino maintained an attorney-client relationship, but that Calvino played no role in the New York litigation and conducted no purposeful activities in New York that were substantially related to plaintiff's claim. The referee also found that the referral agreement between Calvino and Vecchio had no substantial relationship to plaintiff's malpractice claim. The court confirmed the report.

CPLR 302 (a) (1), the New York "long-arm" statute, provides as follows:

> "Personal Jurisdiction by acts of non-domiciliaries
>
> "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> "1. transacts any business within the state or contracts anywhere to supply goods or services in the state."

Calvino's conceded activities in representing plaintiff in New York included both contracting to supply services in the state and a transaction of business within the state.

A nondomiciliary transacts business in New York when he or she "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws" (*CutCo Indus., Inc. v Naughton*, 806 F2d 361, 365 [citations omitted]). The nondomiciliary's contact with New York must be "purposeful and the totality of the circumstances indicate that the exercise of jurisdiction would be proper" (*Levisohn, Lerner, Berger & Langsam v Medical Taping Sys.*, 10 F Supp 2d 334, 339 [citations omitted]). Once the court determines that a defendant has transacted business in New York, the plaintiff must establish a "substantial nexus" between the business transacted and the cause of action (*Agency Rent A Car Sys. v Grand Rent A Car Corp.*, 98 F3d 25, 31 [citations omitted]).

A nondomiciliary "contracts anywhere to supply * * * services in the state" when he projects himself into New York to perform services and purposefully avails himself of the privileges and benefits of performing such services in the state (*Bank Brussels Lambert v Fiddler Gonzalez & Rodriguez*, 171 F3d 779, 789).

Under either prong of CPLR 302 (a) (1) it is necessary that the Due Process Clause of the United States Constitution be satisfied insofar as the basis of the exercise of long-arm jurisdiction must be a defendant's " 'minimum contacts' with the state and must comport with 'traditional notions of fair play and substantial justice' " (*Agency Rent A Car*, 98 F3d at 32 [citations omitted]).

Telephone calls and written communications, which generally are held not to provide a sufficient basis for personal jurisdiction under the long-arm statute, must be shown to have been "used by the defendant to actively participate in business transactions in New York" (*Levisohn, Lerner, Berger & Langsam v Medical Taping Sys.*, 10 F Supp 2d 334, 340, quoting *Carlson v Cuevas*, 932 F Supp 76, 78, and citing *Wilhelmshaven Acquisition Corp. v Asher*, 810 F Supp 108, 112 [telephone and mail contacts are jurisdictionally insufficient "unless the defendant 'projected' himself by those means into New York in such a manner that he 'purposefully availed himself * * * "of the benefits and protections of its laws" ' " [citations omitted]).

Calvino's representation of plaintiff prior to the filing of the personal injury action met each of these criteria. Despite being

unlicensed in New York, he projected himself into the state to perform services by contracting with plaintiff to legally represent her here for purposes of obtaining a favorable settlement of her New York personal injury claim from New York tortfeasors in accordance with New York law. He transacted business in New York by purposefully pursuing redress for plaintiff over a three-year period from various New York entities. He engaged in numerous written and telephonic communications with New York entities on plaintiff's behalf in an effort to broker a settlement and earn legal fees. In rendering his services, he availed himself of the benefits and protections offered by various New York statutes, e.g., Insurance Law § 5101 *et seq.* and Public Health Law § 17, as well as wielding the threat of litigation in New York courts. The totality of the circumstances of Calvino's representation to plaintiff for several years that he was sufficiently skilled and knowledgeable to pursue her New York claim at the prelitigation stage makes it unquestionably fair and just that he be subject to New York jurisdiction for the legal malpractice claim resulting from his negligence in providing such services.

Conduct similar to defendants-respondents', or even less direct, has been held to provide a sufficient basis for CPLR 302 (a) (1) jurisdiction (*see, Schur v Porter*, 712 F Supp 1140 [in a legal malpractice action, Maryland attorney found subject to New York long-arm jurisdiction where he drafted a partnership agreement intended for use in New York, but provided all services by mail and telephone from outside of New York]; *Kazlow & Kazlow v A. Goodman & Co.*, 92 Misc 2d 1084 [Illinois corporation found to have transacted business in New York where its attorneys, conducting all activities from Chicago by mail and telephone over a three year period, instructed its retained New York attorneys as to prosecution of a New York case]; *Elman v Belson*, 32 AD2d 422 [Illinois resident, who never entered New York personally, found to have engaged in purposeful activity in New York by retaining New York attorneys to bring a New York action to collect on Illinois judgments]; *Tilyou v Carroll*, 1993 US Dist LEXIS 3217, *15 [ED NY, Mar. 15, 1993] [personal jurisdiction upheld over Arizona attorney who, having no connections to New York, solicited a New York client and sent a document in an Arizona case for signature and notary in New York, "thus availing themselves of New York's notary public laws"]).

Accordingly, the order of the Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 9, 2000,

which granted the motion of defendants-respondents to confirm the report of a special referee that found that the court did not have personal jurisdiction over defendants-respondents, should be reversed, on the law and the facts, with costs, the motion to confirm denied and the matter remanded to Supreme Court for further proceedings consistent herewith.

MAZZARELLI, ROSENBERGER, WALLACH and LERNER, JJ., concur.

Order, Supreme Court, New York County, entered November 9, 2000, reversed, on the law and the facts, with costs, the motion to confirm the report of a special referee that found that the court did not have personal jurisdiction over defendants-respondents denied and the matter remanded to Supreme Court for further proceedings consistent with the opinion of this Court.