Pasquale MATERA, Plaintiff,

v.

NATIVE EYEWEAR, INC., Defendant.

No. 04 Civ. 2796.

United States District Court,
E.D. New York.

Feb. 10, 2005.

Robson Ferber Frost Chan & Essner, LLP by Robert M. Kaplan, Esq., New York City, for Plaintiff.

Semanoff, Ormsby, Greenberg & Torchia, LLC by Michael J. Torchia, Esq., Jenkintown, PA, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case, filed on July 6, 2004, based on diversity jurisdiction, involves allegations by the plaintiff Pasquale Matera ("Matera" or the "Plaintiff") that the defendant Native Eyewear, Inc. ("Native Eyewear" or the "Defendant") failed to honor its obligations under a written consulting agreement.

Presently before the Court is a motion by the Defendant pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(3) to dismiss the complaint in its entirety for improper venue, or in the alternative, to transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

### I. BACKGROUND

For purposes of a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "the Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Fisher v. Hopkins,* No. 02 Civ. 7077, 2003 WL 102845, at * 2 (S.D.N.Y. Jan. 9, 2003) (citations omitted).

The Plaintiff, a designer in the field of sunglass products, was at all times relevant to this action, a resident of the County of Nassau, State of New York. The Defendant is a Pennsylvania corporation with its principal place of business in Huntington Valley, Pennsylvania. Native Eyewear is engaged in the business of manufacturing sunglass products and is the successor by merger to J.W. Envisions, Inc., which did business under the name "Ultimate Vision."

On August 5, 1997, the Plaintiff and Ultimate Vision entered into a written consulting agreement (the "Agreement") pur-

suant to which the Plaintiff agreed to supply the Defendant with certain design and marketing services, including designs, packaging ideas, trade names, trademarks, logos and intellectual property assets concerning sunglass products (the "Assets"). In return, the Defendant agreed to pay the Plaintiff specified royalties on the sale of sunglass products incorporating the Plaintiff's designs. The Agreement also provided that Ultimate Vision had to pay certain royalties to Matera based upon the sale of all Matera designs. In addition, Ultimate Vision agreed to supply a statement of sales made and a description of the calculation used in determining the royalty amount due. Significant to the resolution of this motion, Article 9 of the Agreement contained a provision addressing the "Construction" of the Agreement. This section states:

> The construction and performance of this Agreement shall be governed by the law of the Commonwealth of Pennsylvania, USA. In the event of litigation, the first forum for deciding issues of venue and jurisdiction shall be the U.S. District Court for the Eastern District of Pennsylvania.

Agreement Art. 9.

The Plaintiff alleges that Native Eyewear breached the Agreement by failing to pay to the Plaintiff the full amount of the royalties due, and, also failing to furnish royalty statements for the calendar years 2001, 2002, 2003, and 2004 as provided for in the Agreement. The Plaintiff also seeks injunctive relief restraining the Defendant from, among other things, the distribution and/or sale of any products incorporating the Assets. In addition, the Plaintiff claims that as a shareholder of the Defendant's corporation, he is entitled to a proportionate distribution of the Defendant's taxable income. Finally, the complaint contains a cause of action for conversion.

Less than one month after the Plaintiff filed the instant complaint, on July 26, 2004, the Defendant filed an action in the Eastern District of Pennsylvania alleging that Matera breached various provisions of the Agreement and also unlawfully disclosed certain confidential trade secrets.

In support of its motion, the Defendant claims that this action should be dismissed for improper venue because the Plaintiff has not established that venue is proper under 28 U.S.C. § 1391(a)(1) and (2). In the alternative, should the Court find that venue is proper in the Eastern District of New York, the Defendant argues that Article 9 of the Agreement mandates that venue be transferred to the Eastern District of Pennsylvania.

■ Despite the abundance of case law setting forth the requirements to succeed on a motion to transfer venue the Defendant failed to submit any affidavit in support of their motion. *See Modern Computer Corp. v. Ma,* 862 F.Supp. 938, 948 (E.D.N.Y.1994) ("The movant must support the application with an affidavit containing detailed factual statements relevant to why the transferee forum is more convenient, including potential principal witnesses expected to be called and a general statement of the substance of their testimony."); *see also Pall Corp. v. PTI Technologies, Inc.,* 992 F.Supp. 196, 198 (E.D.N.Y.1998).

■ Attached to its reply brief, the Defendant included affidavits setting forth, for the first time, additional facts and arguments supporting its motion to transfer venue. However, these affidavits and arguments will not be considered by the Court. Not only did the Court deny the Plaintiff the opportunity to submit a surreply to respond to the additional factual contentions, but arguments cannot be made for the first time in reply papers. *See Knipe v. Skinner, et al.,* 999 F.2d 708,

711 (2d Cir.1993) ("Arguments may not be made for the first time in a reply brief."). In addition, the Court notes that the Defendant's Reply Brief violated the Courts Individual Rules and Motion Practices as it contained in excess of 20 pages and had several footnotes. *See* Indiv. Motion Practices IV(B)(I) ("reply memoranda are limited to 10 pages ... [and] shall not contain footnotes").

## II. DISCUSSION

### A. As to the Motion to Dismiss for Improper Venue

■ Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on improper venue. Upon **such a motion**, a court has the authority to dismiss an action pursuant to 28 U.S.C. § 1406(a), which provides in pertinent part that

The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss,* or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). The fact that a forum selection clause exists is not a relevant part of the analysis to determine whether venue is proper in the Eastern District of New York. *GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc.,* 198 F.R.D. 402, 405 (S.D.N.Y.2001) (citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 n. 8, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)); *see also Licensed Practical Nurses, Technicians & Health Care Workers of New York v. Ulysses Cruises d/b/a Premier Cruises,* 131 F.Supp.2d 393, 405 (S.D.N.Y. 2000) ("The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract. . . .").

Here, the complaint asserts that the court has diversity jurisdiction over this action and that venue is premised upon 28 U.S.C. § 1391(a)(1) and (2). These subsections state:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in,

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

[or] .

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . .

It is important to note that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Therefore, while the Defendant is a Pennsylvania corporation with its principal place of business in the Eastern District of Pennsylvania it shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *Id.*

■ A court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of constitutional due process. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001). Where the parties have not engaged in extensive discovery or an evidentiary hearing on the matter of jurisdiction, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists over the defendant. *Id.; Distefano v. Carozzi North Am., Inc.,* 286 F.3d 81, 84 (2d Cir.2001). At this early stage, the Court must con-

strue all pleadings and affidavits in the light most favorable to the plaintiff and any doubt must be resolved in the plaintiff's favor. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985) (citations omitted). To that end, to determine whether Matera has made a *prima facie* showing of personal jurisdiction over Native Eyewear, the Court must look to New York's personal jurisdiction statutes, CPLR § 301 ("Section 301") and CPLR § 302 ("Section 302").

■ The Court finds that the complaint does not allege facts sufficient to show that the Court has personal jurisdiction over the Defendant pursuant to Section 301. Personal jurisdiction will be established under Section 301 when the defendant is "engaged in such a continuous and systemic course of doing business here as to warrant a finding of its presence in this jurisdiction." *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981) (internal quotations and citations omitted). With respect to Section 301, the Plaintiff contends that "[the] Defendant ... is a multi-million dollar corporation ... [that] regularly does business in New York and throughout the country." Plfs. Decl. in Opp. ¶ 9. In the Court's view, this bare assertion, without more, is not enough to establish that the Defendant was "engaged in such a continuous and systemic course of doing business" in New York to bring it within the jurisdiction of the New York Courts. *McGowan,* 52 N.Y.2d at 272, 437 N.Y.S.2d 643, 419 N.E.2d 321. However, this finding does not end the inquiry as the Court must also determine whether there is personal jurisdiction over the Defendant pursuant to Section 302, New York's long arm jurisdiction statute.

Section 302 states:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary ... who in person or through an agent:

1. transacts any business within the state ...

■ Personal jurisdiction will exist under Section 302(a)(1) if (i) the defendant has transacted business within the state; and (ii) the claim arises out of that activity. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 787 (2d Cir.1999); *see also Creative Socio-Medics, Corp. v. City of Richmond,* 219 F.Supp.2d 300, 306 (E.D.N.Y.2002). "Transacting business requires only a minimal quantity of activity, provided that it is of the right nature and quality and, in making a determination, a court must analyze the totality of the defendant's contact with the forum." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir.1996) (internal quotations and citations omitted). Factors that may be considered in making this determination include:

(i) whether the defendant has an ongoing contractual relationship with a New York [entity]; (ii) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract, and (iv) whether the contract requires franchisees to send notices into the forum state or subjects them to supervision by the corporation in the forum state.

*Id.* No one factor is dispositive as the determination must be made on the totality of the circumstances. *id.* In addition, it is well-settled that in order for the Court to obtain jurisdiction under the "transac-

tion of business" prong of Section 302(a)(1), the party need not be physically present in the state at the time of the service, *Bank Brussels,* 171 F.3d at 787, and "[A] single transaction would be sufficient to fulfill this requirement." *Id.* (internal quotation marks and citation omitted).

With regard to the first factor, it is clear that the Defendant entered into the Agreement with the Plaintiff who at all times relevant to this action has been a resident of this judicial district. In addition, the Agreement contemplated an "ongoing contractual relationship" between the parties, as the Agreement, signed in 1997, provided for an initial period running from the date of execution until December 31, 2000, renewable for successive 2 year terms. *Creative Socio–Medics,* 219 F.Supp.2d at 306 ("New York courts employ a prospective analysis in determining whether an ongoing contractual relationship exists between the parties."). To that end, the Complaint alleges that the Defendant breached the Agreement for the calendar years 2001, 2002, 2003, and 2004. Thus, the first prong, namely whether the defendant has an on-going contractual relationship with a New York [entity] weighs in favor of finding personal jurisdiction.

As to the second factor, although it is unclear as to where the Agreement was negotiated and entered into, the fact remains that even assuming that the Defendant never physically entered New York State to consummate the transactions in question, "proof of one transaction in New York is sufficient to invoke jurisdiction, even though defendant never enters New York." *See Bluestone Capital Partners v. MGR Funds, Ltd.,* 1999 WL 322658, at *4 (S.D.N.Y.1999); *see also Agency Rent A Car System, Inc.* 98 F.3d at 30 (questioning "whether, in this age of e-mail and teleconferencing, the absence of actual personal visits to the forum is any longer of critical consequence."); *Liberatore v.*

*Calvino,* 293 A.D.2d 217, 742 N.Y.S.2d 291, 293 (1st Dep't 2002) (telephone calls and written communications may provide a sufficient basis for personal jurisdiction under the long-arm statute where they have been used by the defendant to actively transact business in New York.).

Here, the Agreement provided that Matera should devote an average of 15 hours per week on behalf of the Defendant and also provide to the Defendant "marketing services and technical support regarding the manufacturing, packaging, promotion, and advertising of the Designs which are covered by this Agreement." Agreement Art. 1(1.2). Although not specifically mentioned in the Complaint or Affidavits, the Court will assume that given the long-standing working relationship between the parties, even if the Defendant never set foot within the confines of New York state, the parties communicated via written communications, e-mail, and telephone. Accordingly, this prong also weighs in favor of establishing personal jurisdiction in New York.

Turning to the third factor, namely whether there is a choice of law provision, the Court notes that Article 9 of the Agreement provides that Pennsylvania law governs the "construction and performance" of the Agreement. Because choice of law provisions "have minimal jurisdictional implications," *Alan Lupton Assocs., Inc. v. Northeast Plastics, Inc.,* 105 A.D.2d 3, 8, 482 N.Y.S.2d 647, 651 (4th Dep't 1984), the fact that the parties chose Pennsylvania law to govern this action is not dispositive of the issue of personal jurisdiction. *See Creative Socio–Medics,* 219 F.Supp.2d at 307 ("the [P]laintiff may acquire personal jurisdiction over [the defendant] even though the law of the state of Virginia may have to be applied.").

Finally, with respect to the fourth factor, namely whether the Defendant sends

notices into the forum state or subjects the Plaintiff to supervision in New York, the Agreement provided that the Defendant is to submit royalty payments and statements to the Plaintiff in Nassau County, New York and, also, that the Plaintiff is to render his services in New York. *See Bank Brussels Lambert*, 171 F.3d at 787. "Although as a general rule the activity of a plaintiff within the forum pursuant to the contract does not confer jurisdiction," *Creative Socio–Medics, Corp.*, 219 F.Supp.2d at 308 (quotations and citations omitted), here, the Plaintiff's services in New York were for the direct benefit of the Defendant corporation. *Id.* (citing Corporate Campaign, Inc. v. Local 7837, *United Paperworkers Int'l Union*, 265 A.D.2d 274, 275, 697 N.Y.S.2d 37, 39 (1st Dep't 1999)) (where "defendant requested performance of plaintiff's New York activities for defendant's benefit, and were intimately involved in the implementation of plaintiff's campaign, plaintiff's work on defendant's behalf may be attributed to defendant for jurisdictional purposes.").

After considering the totality of the circumstances, in the Court's view, the Defendant has "transacted business" within the meaning of Section 302(a)(1).

■ Once the plaintiff demonstrates that the defendant transacted business in the state, he must also establish that his claims are "sufficiently related to the business transacted that it would not be unfair to deem it to arise out of the transacted business, and to subject the defendants to suit in New York." *Hoffritz for Cutlery*, 763 F.2d at 59. The plaintiff must show "some articulable nexus between the business transacted and the cause of action sued upon." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir.1983) (internal quotation marks and citations omitted). Here, it is undisputed that this action arises out of the parties' business relationship and the Agreement.

■ Accordingly, the Court finds that the exercise of personal jurisdiction under Section 302 comports with the Due Process Clause of the United States Constitution. By virtue of its business activities in New York—Native Eyewear "purposefully avail[ed] [itself] of the privilege of conducting activities" so that it should reasonably anticipate being haled into Court here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 324, 66 S.Ct. 154, 162, 90 L.Ed. 95 (1945). Thus, the Plaintiff has satisfied the elements of Section 302(a)(1) and the Defendant is deemed to reside in the Eastern District of New York. *Windsor, S.A. v. Bicycle Corp. of America*, 783 F.Supp. 781, 785 (S.D.N.Y. 1992).

■ The Court notes that venue is also proper in this district pursuant to 28 Section 1391(a)(2). With regard to this subsection, courts consider "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *PI, Inc. v. Quality Prods., Inc.*, 907 F.Supp. 752, 757 (S.D.N.Y.1995). Although it is not clear where the contract was negotiated and/or executed or where the alleged breach occurred, the Plaintiff created the Assets, which are the subject matter of the Agreement, within the confines of the Eastern District of New York. *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison, et al.*, No. 92 Civ. 9002, 1994 U.S. Dist. LEXIS 2551, at * 15 (S.D.N.Y. April 3, 1996) "[C]ourts interpreting [this section] generally look to ... where services under the contract are to be performed." In the Court's view, as stated above, the fact that the Plaintiff's services were performed within the District is sufficient to establish that venue is also proper under Section 1391(a)(2).

Because the Court concludes the Defendant is subject to personal jurisdiction in this district, the Defendants motion to dismiss pursuant to Rule 12(b)(3) is denied.

## B. As to the Motion to Transfer Venue

In the alternative, the Defendant moves pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to transfer this action to the Eastern District of Pennsylvania. Section 1404(a) provides for the transfer of an action where both the original and requested venue are proper. In contrast, Section 1406 authorizes the transfer or dismissal of an action where the original venue is improper. Because, as discussed above, the Court finds venue is proper in the Eastern District of New York, the motion to transfer venue must be analyzed pursuant to Section 1404(a). This section provides:

> For the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a).

 Generally, a plaintiff's choice of forum is entitled to considerable weight and should not be altered unless the balance of factors weigh strongly in favor of the defendant. *Orb Factory v. Design Science Toys, Ltd., et al.,* 6 F.Supp.2d 203, 210 (S.D.N.Y.1998); *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 71 (2d Cir.2001) ("We are told that courts should give deference to a plaintiff's choice of forum."). The moving party has the burden to establish a clear and convincing showing that a transfer is appropriate and that the motion should be granted. *Excelsior Designs, Inc. v. Sheres, et al.,* 291 F.Supp.2d 181, 185 (E.D.N.Y.2003) (citing *Ford Motor Co. v. Ryan,* 182 F.2d 329, 330 (2d Cir.), *cert. denied,* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950)). The decision whether or not to transfer venue pursuant to § 1404 is left to the sound discretion of the district court. *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir. 1992); *Orb Factory, Ltd.,* 6 F.Supp.2d at 208.

The moving party must support its motion with an affidavit containing detailed factual statements explaining why the motion should be granted including, among other things, the location of events giving rise to the suit, convenience of the parties and witnesses, transferee forum is more convenient. *See Parfums v. Rivera,* 872 F.Supp. 1269, 1271 (S.D.N.Y.1995). These affidavits should include "the potential principal witnesses expected to be called and a general statement of the substance of their testimony." *Modern Computer Corp. v. Ma,* 862 F.Supp. 938, 948 (E.D.N.Y.1994); *see also Orb Factory, Ltd.,* 6 F.Supp.2d at 209 ("Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue under § 1404(a)."); *Balaban v. Pettigrew Auction Co., Inc., et al.,* No. 96 Civ. 3177, 1997 WL 470373, at * 3 (E.D.N.Y. June 27, 1997). The Defendant failed to submit any affidavits in support of its motion and as stated above, the Court will not consider the affidavits submitted in with its Reply brief.

## C. As to the Alleged "Forum Selection Clause."

 The Defendant contends that Article 9 of the Agreement constitutes a forum selection clause mandating that this action be transferred to the Eastern District of Pennsylvania. The Court disagrees. As noted above, this Article states

> The construction and performance of this Agreement shall be governed by the law of the Commonwealth of Pennsylva-

nia, USA. In the event of litigation, the first forum for deciding issues of venue and jurisdiction shall be the U.S. District Court for the Eastern District of Pennsylvania.

The Court finds that this paragraph does not constitute a forum selection clause. A literal reading of this clause indicates that it does not govern where this action is to be filed or where venue and/or jurisdiction are proper. *Compare with Cronin v. Family Educ. Co.*, 105 F.Supp.2d 136 (E.D.N.Y.2000) (finding the following to be a mandatory forum selection clause: "[i]n the event of any dispute under this Agreement, the parties agree to the *exclusive* jurisdiction of the courts located in the City and State of New York."); *GMAC Commercial Credit, LLC. v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 404 (S.D.N.Y.2001) (finding the following to be an enforceable forum clause: "Any controversy or claim arising out of or relating to these terms and conditions shall be settled by suit brought in Pulaski County, Arkansas. The law of Arkansas shall apply. Seller hereby submits itself to the personal jurisdiction of the State of Arkansas and agrees that the exclusive jurisdiction of any controversy or claim shall be in the Courts of the State of Arkansas, Pulaski County or the United States District Court for the Eastern District of Arkansas.").

In fact, the Court is unsure of the purpose of this clause. At most, it is an "issue selection clause" rather than a "forum selection clause," stating that Pennsylvania is "the first forum for deciding *issues of venue and jurisdiction*." (emphasis added).

In the Court's view, the clause at issue in Article 9 of the Agreement is ambiguous, confusing, unworkable, and does not preclude the Plaintiff from filing this action in the Eastern District of New York. Under the clause as written, the Plaintiff is permitted to file this action in the East-

ern District of New York, or for that matter in any other District in which venue and jurisdiction is proper, as there is nothing in the clause stating otherwise. It would be an untenable stretch, for this Court to infer from this language, that the parties intended that the case be transferred to the Eastern District of Pennsylvania so that it can be the "first forum" to decide these issues.

In addition, with respect to the Defendant's argument that this clause requires the entire case to be heard in the Eastern District of Pennsylvania, the Court notes that the narrow scope of this clause is limits its application to issues of venue and jurisdiction, not to the selection of a forum or to any other claims arising from the terms of the Agreement.

Because this clause does not *require* the case to be filed or heard in the Eastern District of Pennsylvania, the Plaintiff was within his legal right to have brought this action in the Eastern District of New York. The fact that the Plaintiff exercised this right constitutes a vitiation of the so called "issue selection clause," as there is no authority either in the law or by the terms of the Agreement for the Court to transfer the issues of venue and jurisdiction to the Eastern District of Pennsylvania.

Finally, the fact that the Defendant filed a subsequent, albeit related, case in the Eastern District of Pennsylvania is of no relevance to the Court's analysis of the instant motion. *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) ("[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.").

Accordingly, the Defendant's motion to transfer this action to another district pursuant to 28 U.S.C. § 1404(a) is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the motion by Native Eyewear to dismiss the complaint for improper venue pursuant to Fed. R. Civ. P 12(b)(3) **DENIED**; and it is further

**ORDERED**, that the motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) or § 1406(a) is **DENIED**; and it is further

**ORDERED**, that the that the parties are directed to contact United States Magistrate Judge Michael L. Orenstein forthwith to schedule the completion of discovery.

**SO ORDERED.**