■ FRED SIMCHA WANG, Appellant, v LSUC et al., Respondents, et al., Defendants. [27 NYS3d 131]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 10, 2014, which granted defendants' motions to dismiss the complaint, with prejudice, for lack of jurisdiction, unanimously affirmed, without costs.

The Supreme Court properly dismissed the complaint for lack of jurisdiction. The complaint alleges that the defendants conspired to perpetrate an elaborate fraudulent scheme to deprive plaintiff, formerly a licensed Canadian attorney, of his law license in Canada. The defendants include the regulating authority for attorneys in Ontario Canada, three doctors who examined plaintiff, and the professional organizations to which those doctors belong. As determined by the lower court, plaintiff, who bears the burden of showing jurisdiction upon a motion to dismiss pursuant to CPLR 3211 (a) (8), failed to demonstrate that the defendants transacted significant business in New York, and to the extent that any business was transacted, plaintiff failed to demonstrate any connection to the claims asserted in this case (CPLR 302 [a]; *O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 200 [1st Dept 2003]; *Paterno v Laser Spine Inst.*, 24 NY3d 370, 376 [2014]).

Plaintiff also failed to demonstrate that the defendants were subject to conspiracy jurisdiction because he did not sufficiently allege the elements of a conspiracy, or that any part of the conspiracy occurred in New York (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 296 AD2d 81, 98 [1st Dept 2002], *affd* 100 NY2d 215 [2003], *cert denied* 540 US 948 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.