| Beckman v Sahar |
|:---:|
| 2024 NY Slip Op 33553(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159299/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART 38M

-------------------------------------------------------------------------------X

MAXIM BECKMAN and MARK KAMINSKY,

Plaintiffs,

- v -

DAVID SAHAR, INOKIM, INOKIM INC., BEST BUY STORES, L.P., AMAZON LOGISTICS INC., SHOPIFY CAPITAL INC., and eBAY INC.,

Defendants.

-------------------------------------------------------------------------------X

INDEX NO. 159299/2023

MOTION DATE 12/11/2023, 01/09/2024, 01/19/2024, 01/31/2024

MOTION SEQ. NO. 001 002 003 004

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 54, 101, and 102

were read on this motion by defendant Sahar to             DISMISS             .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 55, 56, 57, 58, 59, 60, 68, 69, 70, 71, 72, 73, and 74

were read on this motion by defendants Sahar, Inokim Inc., and Best Buy Stores, L.P. to             DISMISS             .

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 64, 65, 66, 67, 85, and 87

were read on this motion by plaintiffs to             EXTEND TIME             .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 80, 81, 82, 83, and 84

were read on this motion by defendant eBay Inc. to             DISMISS             .

LOUIS L. NOCK, J.S.C.

In this action for tortious interference and various other commercial torts, defendant David Sahar ("Sahar") moves to dismiss the summons with notice for lack of personal jurisdiction (Mot. Seq. No. 001). Subsequent to the filing of the motion, plaintiffs filed their complaint. Motion sequence no. 001 is, therefore, subsumed into the motion by defendants Sahar, Inokim Inc. ("Inokim"), and Best Buy Stores, L.P.'s ("Best Buy") to dismiss the

**159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL**
**Motion No.  001 002 003 004**

Page 1 of 7

[* 1]

complaint based on documentary evidence, for failure to state a cause of action, and lack of personal jurisdiction (Mot. Seq. No. 002). Defendant eBay, Inc. ("eBay"), also moves to dismiss based on documentary evidence and for failure to state a cause of action (Mot. Seq. No. 004), which motion is unopposed. Finally, plaintiff moves for an extension of time to complete service on defendants. Motion sequence numbers 001 through 004 are consolidated for disposition in accordance with the following memorandum.

Plaintiffs are shareholders of nonparty Inokim USA Group Corp. ("Inokim USA"). Through a license agreement between nonparties Kfir Nelly Holdings Ltd. and Ningbo MYWAY Intelligent Technology Co. Ltd. (the "license parties"), Inokim USA holds a "limited exclusive sublicense and right in the United States to distribute [electric scooters] in the United States" (Inokim USA shareholders agreement, NYSCEF Doc. NO. 57 at 1). Plaintiffs allege that defendants Sahar and Inokim are interfering with that license by selling identical products, and that defendants Best Buy, eBay, Amazon Logistics Inc. ("Amazon"), and Shopify Capital Inc. ("Shopify") are facilitating the infringement by offering the products for sale.

Plaintiffs, acting in their individual capacities rather than on behalf of Inokim USA, commenced this action by summons with notice filed September 21, 2023. Affidavits of service attest to service on Sahar by delivery to a person of suitable age and discretion with follow-up mailing pursuant to CPLR 308 (2) (NYSCEF Doc. Nos. 5-6). Sahar moved to dismiss for lack of proper service, stating under oath that the address plaintiffs purported to serve him at was neither his residence or place of business (Sahar aff., NYSCEF Doc. No. 52). While that motion was pending, defendant eBay appeared and demanded a complaint, prompting plaintiffs to file one alleging claims for tortious interference with contract, with prospective business relations, and with prospective economic advantage; fraud; and seeking an injunction and indemnification

159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL
Motion No.  001 002 003 004

Page 2 of 7

regarding the alleged infringing sale of scooters by defendants. Sahar, Inokim, and Best Buy then moved to dismiss the complaint for lack of personal jurisdiction under the long-arm statute; lack of proper service on Sahar; and failure to state a cause of action. The remaining motions followed in short order.[1]

Turning first to service, CPLR 308 provides that substitute service on an individual may be had by delivery of the summons to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" (CPLR 308 [2]). Affidavits provided by Sahar, as well as the person purportedly served by plaintiffs, indicate that the address for service was neither Sahar's home nor his workplace (Kobi aff., NYSCEF Doc. No. 17; Sahar aff., NYSCEF Doc. No. 52). Sahar also provides the affidavit of the chief financial officer for nonparty Inokim Ltd., who attests that Inokim is a subsidiary of Inokim Ltd., that the warehouse is not owned by Inokim Ltd., and that Sahar is not employed by Inokim Inc. (Edry aff., NYSCEF Doc. No. 16, ¶ 3). The moving defendants also allege that the Inokim and Best Buy entities purportedly served by plaintiffs are not the Inokim and Best Buy entities named in the complaint.

In opposition, plaintiffs ignore, and thus concede, the arguments regarding improper service on Best Buy and Inokim. As to Sahar, plaintiffs do not meaningfully assert that the service location is Sahar's place of business; instead, making unsubstantiated and conclusory allegations that the affiants other than Sahar may have been coerced or compensated for their testimony. While plaintiffs attempt to justify service at a warehouse owned by the subsidiary of Inokim Ltd—the company Sahar actually works for—New York law is clear that service on a

---

[1] Plaintiffs claim that motion sequence no. 002 is improper because defendant Sahar already filed a motion under CPLR 3211 with respect to the summons with notice. However, as the complaint included new claims and theories of liability not contained in the summons with notice, a subsequent motion is permitted (*e.g., Barbarito v Zahavi*, 107 AD3d 416 [1st Dept 2013]).

**159299/2023  BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL**
**Motion No.  001 002 003 004**

Page 3 of 7

3 of 7

[* 3]

subsidiary does not provide jurisdiction over a parent company, much less over the parent companies officers and employees, except where the subsidiary is a "mere department" of the parent (*Breakaway Courier Corp. v Berkshire Hathaway, Inc.*, 192 AD3d 501, 502 [1st Dept 2021]).  Plaintiff makes no showing that Inokim is a mere department of Inokim USA.

As well as the lack of proper service, the court also lacks personal jurisdiction over the defendants pursuant to the long arm statute.  On a motion to dismiss for lack of personal jurisdiction pursuant to CPLR 3211(a)(8), the plaintiff bears the burden of showing jurisdiction (*Wang v LSUC*, 137 AD3d 520, 521 [1st Dept 2016]).  The court may assert personal jurisdiction over a non-domiciliary where the action is permissible under the long-arm statute (CPLR 302), and the exercise of jurisdiction comports with due process (*Williams v Beemiller, Inc.*, 33 NY3d 523, 528 [2019]).  Due process requires .that a nondomiciliary have "certain minimum contacts" with the forum state and "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*id.*, *quoting International Shoe Co. v Washington*, 326 U.S. 310, 316 [1945]).

As relevant to this matter, the long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]).  "Even one instance of purposeful activity directed at New York is sufficient to create jurisdiction, whether or not defendant was physically present in the State, as long as that activity bears a substantial relationship to the cause of action" (*Corporate Campaign v Local 7837, United Paperworkers Intl. Union*, 265 AD2d 274, 274-75 [1st Dept 1999]).

**159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL**
**Page 4 of 7**
**Motion No.  001 002 003 004**

4 of 7

Here, none of the moving defendants have contacts with New York that bear "a substantial relationship to the cause of action" (*Corporate Campaign*, 265 AD2d at 274-275). At best, plaintiffs allege that Inokim has an office in the state, but nothing alleged in the complaint indicates that that office has anything to do with the events underlying plaintiffs' claims. Plaintiffs also allege that defendants breached a contract in New York, but they admit in their complaint that they are not signatories to the only relevant contracts in this action, which are the license agreement between the license parties and the sublicense agreement with Inokim USA (complaint, NYSCEF Doc. No. 31, ¶ 2).

Even if jurisdiction were proper under the long-arm statute, the court would still grant the motions to dismiss for failure to state a cause of action. At bottom, plaintiffs are asserting claims based on a license that they themselves do not hold. The license belongs to Inokim USA, of which plaintiffs are not even a majority of the shareholders. As a general matter, only the parties to a contract may sue for its breach (*Parker & Waichman v Napoli*, 29 AD3d 396, 399 [1st Dept 2006]). Moreover, to the extent that any of the defendants interfered with the license agreement, such a claim rightfully belongs to Inokim USA, not to its shareholders, and plaintiffs have not brought these claims derivatively. Plaintiffs provide no authority for their claim that a shareholder acting in its personal capacity may assert claims belonging to the corporation.[2]

Finally, plaintiffs' motion for an extension of time to complete service is denied. Pursuant to CPLR 306-b, service of the summons and complaint shall be made within 120 days after the commencement of the action. Upon motion, a court may, within its discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]). Whereas the "good cause"

---

[2] As this argument is a sufficient ground to dismiss the complaint, the court declines to address the moving defendants' further arguments that the complaint also fails to state the elements of the individual causes of action.

**159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL**
**Motion No.  001 002 003 004**

Page 5 of 7

5 of 7

standard requires a showing of reasonable diligence, under the broader "interest of justice" standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105).

Here, plaintiffs have not demonstrated reasonable diligence so as to be entitled to good cause extension. Plaintiffs submit email correspondence from their process server apologizing for a delay in submitting affidavits of service on defendants Inokim (as opposed to Inokim Inc.), and Shopify (NYSCEF Doc. No. 67), but said affidavits were never filed. There is no other information provided as to plaintiffs' diligence in attempting to serve any of the defendants, moving or otherwise, outside of the failed attempts discussed above. Plaintiffs are also not entitled to an extension in the interest of justice. As evidenced above, there is no means by which the court may exercise personal jurisdiction over the defendants based on the allegations of the complaint. In that sense, the court finds no merit to allowing plaintiffs additional time to serve a complaint that cannot, in its present form, be adjudicated in New York.

Accordingly, it is hereby

ORDERED that the motions of defendants David Sahar, Inokim Inc., Best Buy Stores, L.P., and eBay Inc. (Mot. Seq. Nos. 001, 002, 004) to dismiss the summons with notice and the complaint are granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of said defendants dismissing the action against them, with costs and disbursements to said defendants as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL
Motion No.  001 002 003 004

Page 6 of 7

ORDERED that plaintiff's motion for an extension of time to serve the complaint is denied; and it is further

ORDERED that the action is severed and continued against defendant Amazon Logistics Inc., which was purportedly served but has not appeared.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 10/7/2024 | | LOUIS L. NOCK, J.S.C. |
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART   ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE |

159299/2023   BECKMAN, MAXIM ET AL vs. SAHAR, DAVID ET AL
Motion No.  001 002 003 004

Page 7 of 7

7 of 7